UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TONY THOMAS ROCKWELL,**

      **Plaintiff,**    CIVIL ACTION NO. 03-CV-72451-DT

vs.

                                  DISTRICT JUDGE JOHN CORBETT O'MEARA

**MICHIGAN DEPARTMENT**    MAGISTRATE JUDGE MONA K. MAJZOUB
**OF CORRECTIONS, et. al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendants Smith's (Docket # 39) and Holden's (Docket # 36) Motions to Dismiss should be **GRANTED** based on Plaintiff's failure to exhaust administrative remedies.

\*\*\*

This civil rights action was brought pursuant to 42 U.S.C. § 1983 by a prisoner currently confined by the Michigan Department of Corrections (MDOC). The plaintiff paid the appropriate filing fee and filed the instant complaint on May 12, 2003 in the Western District of Michigan alleging violations of his constitutionally secured rights. The alleged events giving rise to this complaint occurred at the Ojibway Correctional Facility (OCF) in Ojibway, Michigan, and the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan. The defendants originally named in this complaint were MDOC, George Pramstaller, M.D., Director, Bureau of Health Services, Corrections Medical Service (CMS), Craig Hutchinson, M.D., Director of Medical Services, Jan Epp, Health Care Administrator for Region III of MDOC, Jennifer Engstrom, Coordinator of Consent Decree Monitor, Rocco Randall, M.D., employed at OCF, Holden, Door, Smith, Fahihnia, Hill, and Hammond, apparently all employed at JMF.

On June 13, 2003, the Honorable Richard A. Enslen of the Western District of Michigan issued an Opinion and Order in which he dismissed all of plaintiff's claims except for those pertaining to defendants CMS, Holden, Dorr, Smith, Fahihnia, Hill, and Hammond, for failing to state a claim pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.  After having set forth in detail all of the factual bases of plaintiff's claims, Judge Enslen concluded:

> while Plaintiff was incarcerated at OCF, he received significant medical attention and treatment, and that his complaint with regard to this time period is over the adequacy of the treatment received.  Because such allegations are not sufficient to support an Eighth Amendment violation, Plaintiff's claims with regard to his incarceration at OCF are properly dismissed.
>
> In addition, the court notes that Defendants Epp, Engstrom, and Pramstaller are properly dismissed for lack of personal involvement. Liability under Section 1983 must be based on more than merely the right to control employees.  (citations omitted).
>
> Plaintiff has not alleged facts establishing that Defendants Epp, Engstrom, and Pramstaller were personally involved in the activity which forms the basis of his claim.  Accordingly, the Court concludes that Plaintiff's claims against Defendants Epp, Engstrom, and Pramstaller are properly dismissed for lack of personal involvement.

(Opinion and Order, dated June 13, 2003, pgs. 13-14).  Finally, Judge Enslen concluded that plaintiff's remaining claims, which occurred in Jackson, Michigan, were within the boundaries of the Eastern District of Michigan.  Thus, pursuant to 28 U.S.C. § 1391, Judge Enslen transferred plaintiff's remaining claims against defendants CMS, Holden, Dorr, Smith, Fahihnia, Hill, and Hammond, to this district.

On August 22, 2003, plaintiff filed a motion to amend his complaint and a request for service of process by the United States Marshal.  On September 12, 2003, Magistrate Judge Thomas A. Carlson, formerly of this District, issued an Order denying plaintiff's motion to amend the complaint and concluded that "it appear[s] that Plaintiff is seeking to avoid Judge Enslen's dismissal." (Order, dated September 12, 2003).  As to the other defendants not dismissed by Judge Enslen, Magistrate Judge

Carlson granted plaintiff's request for service by the U.S. Marshal and stated:

> even though Plaintiff has paid his filing fee and is not in forma pauperis, the Court will, pursuant to Rule 4(c)(2), Fed. R. Civ. P., order the Marshal to serve only those Defendants on the original Complaint who were not dismissed (CMS, Holden, Dorr, Smith, Fahihnia, Hill and Hammond), against whom there are Eighth Amendment claims; Provided, however, Plaintiff must first provide the addresses of those Defendants and copies of the (original) Complaint, so the Marshal may effectuate service. An Order directing service will issue upon receipt of those materials from Plaintiff.

(Order, dated September 12, 2003, pgs. 1-2). Pursuant to Fed. R. Civ. P. 77(d), a copy of Magistrate Carlson's Order was mailed to Plaintiff on September 12, 2003.

On March 3, 2004, the undersigned issued a Report and Recommendation recommending that Plaintiff's remaining claims against Defendants Holden, Dorr, Smith, Fahihnia, Hill and Hammond be dismissed pursuant to E.D. Mich. LR 41.2 for failure to comply with Magistrate Carlson's Order dated September 12, 2003. By Order dated March 29, 2004, Judge O'Meara adopted the undersigned's Report and Recommendation and dismissed the remainder of Plaintiff's complaint and Plaintiff filed an appeal. On May 4, 2005, the Sixth Circuit affirmed and reversed in part and remanded the case back to this Court. Specifically, the Sixth Circuit concluded that the Court failed to consider his argument that he had complied with Magistrate Judge Carlson's previous order dated September 12, 2003 such that Plaintiff's claims should not have been dismissed for lack of prosecution. Following remand, the case has been referred to the undersigned for all pretrial proceedings and on June 8, 2005, the undersigned issued an Order directing the United States Marshal to serve the remaining Defendants without prepayment of costs. To date, only Defendants Holden and Smith have been served and both have filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies.

**STANDARD OF REVIEW**

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

**EXHAUSTION OF REMEDIES**

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. *Gibbs v. Bolden*, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

Generally, a prisoner will exhaust administrative remedies by filing grievances pursuant to MDOC policy. For example, a prisoner may grieve alleged violations of policy and procedure, unsatisfactory conditions of confinement, official acts, or denial of rights which directly affect [Prisoners] (MDOC Policy Directive 03.02.130, PB). The grievance system is comprised of three steps. If the grievant is dissatisfied with the step I response, he/she may appeal to step II. If the prisoner is still dissatisfied with the step II response, he/she may file a step III appeal with the Director of the MDOC.

Plaintiff failed to allege with specificity or attach documentation that he exhausted his available administrative remedies as to either Defendant Smith or Holden. Plaintiff neither attached any grievance forms naming Smith or Holden nor did he identify specifically any grievances in which he claims to have named Smith or Holden. Thus, Plaintiff has failed to carry his burden of demonstrating exhaustion of his available administrative remedies as required by the PLRA.

Accordingly, Defendants' Motion to Dismiss should be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6). Given that Plaintiff has failed to exhaust his administrative remedies as to Defendants Smith and Holden, Plaintiff's remaining claims against the unserved Defendants should also be dismissed based on the 'total exhaustion rule' recently adopted in this circuit. *See Jones-Bey v. Johnson,* 407 F.3d 801 (6th Cir. 2005).

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 31, 2005                    s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Tony Thomas Rockwell and Counsel of Record on this date.

Dated: August 31, 2005                    s/ Lisa C. Bartlett
                                          Courtroom Deputy